UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FOSTER L. ANDERSON, et al | CIVIL ACTION 10-1004 |
| VERSUS | U.S. DISTRICT JUDGE DEE DRELL |
| DRESSER, INC. | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is plaintiff's motion to remand, **Doc. #9**, referred to me by the district judge.

Plaintiff filed suit in state court claiming damages due to gradual hearing loss he suffered as an employee of Dresser. Defendant timely removed the case to this court on the basis of complete federal preemption under Section 301 of the Labor Management Relations Act (LMRA) claiming that plaintiff's claims necessarily require interpretation of the Collective Bargaining Agreements (CBA) under which plaintiff worked during some of the years of his employment. Plaintiff filed this motion to remand and asserts that plaintiff is master of his complaint under the well-pleaded complaint rule and that he did not invoke federal law in his state law tort claims. He also argues that plaintiff's claims do not require the interpretation of the CBA.

Both parties agree that the guiding principle is that complete preemption applies only where resolution of the claim depends upon the interpretation of the CBA. Plaintiff argues that

1

plaintiff's tort claims do not involve interpretation of the CBA.  Plaintiff cites Lingle v. Norge, 108 S. Ct. 519 (1962) in support of his argument.  Lingle involved a wrongful termination suit. A CBA provided plaintiff with a remedy for discharge without just cause. The Supreme Court held that the state law claims were not preempted. It reasoned that, under state law applicable in that case, the plaintiff needed to show only that she was discharged and that the employer's motive was to deter her from exercising her rights under the state's workers compensation act. The court held that neither of those necessary items of proof required interpretation of the CBA. Citing Allis-Chalmers Corp. v. Lueck, 105 S. Ct. 1904 at 1911 (1985), the court observed that "not every dispute . . . tangentially involving a provision of a collective-bargaining agreement, is pre-empted by §301 . . . ."

More recently, however, the Fifth Circuit has dealt with a case more similar to the one at bar. In Navarro v. Excel, 48 Fed. Appx. 481 (5th Cir. 2002), an unpublished opinion, the plaintiff, as here, sued for injuries she received on the job. As in this case, the CBA imposed duties on the employer with regard to workplace safety. Citing Lingle, supra, the court held that the court would have to determine the scope of the employer's duties under the CBA in order to define the scope of the employer's legal duty regarding the negligence claim and, therefore, the claim was preempted. See also, Miranda v. NPM, 219 Fed. Appx. 340 (5th Cir. 2007).

This court is bound to follow fifth circuit precedent. Because the fifth circuit has rendered a decision directly on point, even citing the case urged by plaintiff, I find that plaintiff's claims are completely preempted by the LMRA and removal to this court was proper.

For the foregoing reasons, IT IS RECOMMENDED that the motion to remand, document #9, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling. **FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, August 9, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE